# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                  CRIMINAL NO. 3:18-CR-168-CWR-FKB

FREDERICO HERNANDEZ-RIOS

## ORDER GRANTING MOTION TO DISMISS

Before the Court is Frederico Hernandez-Rios' motion to dismiss the indictment. Docket No. 18. For the reasons stated below, the motion is granted.

On August 2, 2018, Hernandez-Rios was one of several passengers stopped by a police officer with the Brandon Police Department in a routine traffic stop on U.S. Interstate 20. The officer requested assistance from Immigration and Customs Enforcement (ICE) to verify alienage of the driver and passengers. Once the ICE agents arrived, they determined Hernandez-Rios to be a citizen of Mexico, previously removed from the United States, and was taken into civil custody. On August 3, the Enforcement and Removal Operations (ERO), a component of the Department of Homeland Security, assumed custody of Hernandez-Rios "for appropriate detention pending acceptance for prosecution by the United States Attorney's Office." Docket No. 18-2.

On August 6, 2018, an agent with the Department of Homeland Security, Malcolm McMillin, filed a criminal complaint against Hernandez-Rios for illegally reentering the United States after having been previously removed, in violation of 8 U.S.C. § 1326(a)(1) and (b)(2). Docket No. 1. The Court issued an arrest warrant on that same day. On August 8, McMillin served Hernandez-Rios with the arrest warrant. That same day, he was taken before Magistrate

Judge F. Keith Ball for his initial appearance and remanded to the custody of the U.S. Marshals Service. Hernandez-Rios was indicted by a federal grand jury on September 7, 2018.

Hernandez-Rios argues that the indictment should be dismissed because it ran afoul the Speedy Trial Act. The Speedy Trial Act provides, in pertinent part:

> Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges.

18 U.S.C. § 3161(b). If an indictment or information is not filed within the time limit set forth in § 3161(b), the charges against the individual shall be dismissed. *Id*. § 3162(a)(1). The purpose of the Act is to "protect a criminal defendant's constitutional right to a speedy trial, and also serve the public's interest in prompt criminal proceedings." *United States v. Gonzalez-Rodriguez*, 621 F.3d 354, 368 (5th Cir. 2010).

Generally, the Speedy Trial Act's 30-day time limit is not triggered by civil detentions. *United States v. De La Pena-Juarez*, 214 F.3d 594, 597 (5th Cir. 2000). The Fifth Circuit, however, has recognized an exception to this general rule. Under this exception, a civil detention will trigger the Speedy Trial Act only "where the defendant demonstrates that the primary or exclusive purpose of the civil detention was to hold him for future criminal prosecution." *De La Pena-Juarez*, 214 F.3d at 598. "Under this exception, several courts have held that an [Immigration and Naturalization Service ("INS")] arrest triggers the Speedy Trial Act's clock where the administrative and criminal charges against the defendant are identical such that the detention is simply used as a 'substitute for criminal arrest.'" *Id*. (citing *United States v. Vasquez-Escobar*, 30 F. Supp. 2d 1364, 1367 (M.D. Fla. 1998) (holding that the Speedy Trial Act was triggered where INS held the defendant solely for illegal reentry and then criminally charged him with same)). The defendant bears the burden of proof when asserting this exception.

The issue before the Court is whether the September 7, 2018 indictment was too late. Hernandez-Rios argues that the clock began on August 2, 2018, when he was taken into civil custody, but no later than August 6, when the criminal complaint was filed. The failure to indict him within 30 days of his civil detention or the criminal complaint,[1] he contends, requires the indictment to be dismissed with prejudice.

The Government responds that the Speedy Trial clock began on August 8, 2018, when Hernandez-Rios was arrested pursuant to the arrest warrant.[2] It contends that the ICE agents promptly transported Hernandez-Rios to Louisiana for deportation proceedings once they learned that he was illegally in the United States on August 2, 2018. However, the record does not reflect this. While ICE may have been authorized to detain Hernandez-Rios pending his removal, the record does not reflect that Hernandez-Rios was being held for removal. Instead, the Report of Investigation states that, on August 3, 2018, Hernandez-Rios was "released to the custody of ERO Jackson for appropriate detention pending acceptance for prosecution by the United States Attorney's Office." Docket No. 18-2. This tends to prove that the primary purpose of the August 2 civil detention was to hold Hernandez-Rios for future prosecution for illegal reentry. In other words, the Government's own documents show that Hernandez-Rios' civil detention was for the purpose of future criminal prosecution. Accordingly, the Speedy Trial Act clock started to run on August 2, 2018, and not on August 6 or August 8.[3]

---

[1] Thirty-six days elapsed between the civil detention and the indictment. Thirty-two days elapsed between the filing of the criminal complaint and the indictment. Exactly 30 days elapsed between the date the arrest warrant was served on Hernandez-Rios and the date of the indictment.

[2] The Government states that the criminal complaint was filed on August 8, 2018. It may have been filed by the clerk on that day, but the supporting affidavit was executed and presented to the Magistrate Judge, who in turn, issued contemporaneously, the arrest warrant on August 6. Hernandez-Rios in fact was served with the complaint, arrested and taken before the Magistrate Judge for his initial appearance on August 8. *See* Docket No. 3 and Docket Entry of August 8, 2018.

[3] A finding that the August 8 arrest is the trigger date would lead to the conclusion that there was no violation of Hernandez-Rios' speedy trial rights because the indictment would have been returned on the thirtieth day of his arrest.

In determining whether to dismiss the indictment for noncompliance with the Speedy Trial Act with or without prejudice, the Court shall consider "(1) the seriousness of the offense; (2) the facts and circumstances of the case which led to the dismissal; and (3) the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice." 18 U.S.C. § 3162(a)(2). Apparently, satisfied with the strength of its argument that there has been no violation of the Hernandez-Rios' speedy trial rights, the Government has offered no explanation for its delay and does not argue that a dismissal should be without prejudice. Regardless, the motion to dismiss the indictment with prejudice is denied. At most, there is a six-day delay. The Fifth Circuit has considered a 41-day delay to be "relatively brief." *United States v. May*, 819 F.2d 531, 53.4 (5th Cir. 1987). There is no evidence that the Government has engaged in a pattern of filing illegal reentry indictments that might justify dismissal with prejudice. *See United States v. Mancia-Perez*, 331 F.3d 464, 470 (5th Cir. 2003). Nor has Hernandez-Rios presented evidence that his defense to the charges has been or would be impaired by the delay. *United States v. Blank*, 701 F.3d 1084, 1090 (5th Cir. 2012).

Accordingly, the dismissal is without prejudice.

**SO ORDERED**, this the 13th day of November, 2018.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE